### 40741. HARPER v. DAMPIER.

Decided June 30, 1964—Rehearing denied July 17, 1964.

*Ronald F. Adams, W. A. Davis, Jr., William Henderson,* for plaintiff in error.

*W. F. Gibbons,* contra.

FELTON, Chief Judge. The plaintiff in error contends that the defendant breached his agreement to protect him against loss by fire and other casualty by providing him with rental insurance for the duration of the lease. The policy furnished Harper, the assignee and plaintiff, agreed to indemnify him for rental losses for the period of time until the leased building could, with the exercise of diligence and dispatch, be restored to the same tenantable condition as before the loss. The policy further provided that the coverage was to be for 5 years from September 1, 1956, in consideration of the provisions and stipulations in the policy and the annual premiums stated. While the policy does not state in so many words that it covers rental loss for the entire term of the lease, its meaning is the same, and it provided coverage for rental loss for the term of the lease. Under the terms of the original lease the payment of rent ceased upon the destruction of the property by fire and until it was restored. After the property was destroyed the insurance lapsed since there can be no fire or casualty insurance upon non-existent property and the insurance indemnified against the loss of rentals for the period in which the building could have been re-

stored. If the building had been restored the insurance policy coverage would have re-attached, providing identical coverage as was held to exist under the policy, so that in case of other destructions of the property the assignee would have been protected against rental losses during the periods of the re-construction of the building. There would have been no other rental loss otherwise because the assignee would have received his rents for the building except while it was being rebuilt. Under the facts of this case the assignee suffered no other loss of rentals than that held (under the case above cited) to be due under the policy because the lessor did not restore the property and was under no obligation to do so because a prerequisite to such a duty was a written notice from the assignee-lessee to the lessor within ten days from the destruction of the building, which was not given. In such circumstances the lease ended when the lessor refused to restore the insured building. The lessor complied with his agreement to furnish an insurance policy indemnifying the assignee against rental losses during the term of the lease. The insurance policy fulfilled such an obligation in case the building was restored and also in the event it was not. If it was restored the policy was reactivated to cover the property until another casualty occurred. If it was not, the lease and policy became functus officio when the building was not restored and there was no property to be the subject matter of lease or fire and casualty insurance. It follows that there was no breach of duty by the assignor of his contract to provide rental fire and casualty insurance during the term of the lease. Whether the assignor is liable to the assignee for some other reason is not the subject matter of this action.

The verdict and judgment for the defendant being authorized by the evidence, the court did not err in its judgments denying the plaintiff's motions for a new trial, and for judgment n.o.v. The overruling of the motion for summary judgment is not-reviewable.

*Judgments affirmed. Frankum and Pannell, JJ., concur.*